32 F.3d 562
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
Derrick Grover JAMES, Plaintiff Appellant,
v.
H. HIBB, Officer, Defendant Appellee,
and
Edward W. MURRAY; Alton Baskerville, Warden; Department of
Corrections, Defendants.
 No. 93-7066.
 United States Court of Appeals, Fourth Circuit.
 Submitted July 12, 1994.
Decided July 28, 1994.
 
 Appeal from the United States District Court for the Eastern District of Virginia, at Richmond. David G. Lowe, Magistrate Judge. (CA-92-389-3)
 Derrick Grover James, appellant pro se.
 Archer Lafayette Yeatts, III, Maloney, Yeatts, & Barr, P.C., Richmond, VA, for appellee.
 E.D.Va.
 AFFIRMED.
 Before PHILLIPS, MURNAGHAN, and WILLIAMS, Circuit Judges.
 PER CURIAM:
 
 
 1
 Derrick James, a Virginia state prisoner, filed a 42 U.S.C. Sec. 1983 (1988) action against Major Edwards, Warden Baskerville, Edward Murray, and Officer Hibbs alleging excessive force was used against him by Officer Hibbs.* James alleges that as he was walking away from Hibbs after arguing with him, Hibbs kicked James in the rear end. James filed a grievance against Hibbs and Hibbs was disciplined. James's notice of appeal was effective only as to the dismissal of the action as to Hibbs. An evidentiary hearing was held on the claim against Hibbs. At the close of James's evidence, the magistrate judge granted Hibbs's motion for a judgment as a matter of law pursuant to Fed.R.Civ.P. 52(c). Because James failed to present any evidence of an injury at the hearing, we find that the magistrate judge properly dismissed his complaint. See Norman v. Taylor, --- F.3d ----, No. 92-6648, slip op. at 7 (4th Cir. June 16, 1994).
 
 
 2
 Therefore, we affirm the magistrate judge's dismissal of James's Sec. 1983 complaint. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.
 
 AFFIRMED
 
 
 *
 To the extent that the notice of appeal raised the dismissal of these Defendants, the claims against them are without merit. The doctrine of respondeat superior is generally not applicable to Sec. 1983 actions, and James has failed to make out a claim under the doctrine of supervisory liability. See Monell v. Department of Social Servs., 436 U.S. 658, 894 (1978); Slakan v. Porter, 737 F.2d 368, 372 (4th Cir.1984), cert. denied, 470 U.S. 1035 (1985)